UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANDISS CHAMBERS,

                    Plaintiff,

v.

ALYSA KOWALSKY, *et al*.,

                    Defendants.

Case No. 22-10780
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION TO ENTER A DEFAULT AGAINST DEFENDANT MAVEN PROPERTIES, LLC

Plaintiff Candiss Chambers sues Alysa Kowalsky and her property management company, Maven Properties, LLC, under the Civil Rights Act of 1866 and the Elliott-Larsen Civil Rights Act for race discrimination, racial harassment, and retaliation.  ECF No. 1.  The Honorable F. Kay Behm referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 31.  After multiple warnings that default would be entered against Maven if no counsel appeared on its behalf, counsel has yet to appear.  Thus, the Court **RECOMMENDS** that a default be entered against Maven Properties, LLC.

Defendants Kowalsky and Maven were originally represented by attorney F. Anthony Lubkin.  In November 2022, Judge Goldsmith—the district judge assigned to the case at the time—issued an order noting that Mr. Lubkin passed away.  ECF No. 15, PageID.382.  He ordered that Kowalsky and Maven "obtain new counsel and have their new counsel file an appearance" within 21 days, and he warned that "[i]f no attorney appears on behalf of Maven Properties, LLC, a default will be entered as to it."  *Id.*  It is well-settled that corporations like Maven must be represented by an attorney in federal court.  *See Hawkins v. Richter*, No. 17-1968, 2018 WL 4042465, at *2 (6th Cir. July 6, 2018); *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) ("A corporation must appear by counsel or not at all.").

In late November, Kowalsky—appearing pro se—moved for change of counsel and additional time to obtain counsel.  ECF No. 18.  Judge Goldsmith granted the motion, stating that Kowalsky and Maven "shall have until January 23, 2023 to obtain new counsel and have their new counsel file an appearance."  ECF No. 22, PageID.412.  Judge Goldsmith ordered that if "no counsel appears for [Maven by a status conference on January 31, 2023], a default will be entered."  *Id.*, PageID.412-413.  The January

2

status conference was cancelled, and the case was reassigned to Judge Behm.  Still, no counsel appeared for Maven.

Plaintiff then moved for a remote pretrial status conference, and the Court held a Zoom conference on March 28, 2023.  ECF No. 28; ECF No. 31; ECF No. 32.  At the status conference, Kowalsky—proceeding pro se—confirmed that no counsel appeared for Maven, but she objected to an entry of default judgment against it.  Thus, the Court ordered Kowalsky to "show cause in writing by **April 18, 2023**, as to why default should not be entered against Maven Properties, LLC, in light of Judge Goldsmith's order (ECF No. 22) stating that default would be entered if no counsel appeared for Maven by January 2023."  ECF No. 33, PageID.449 (emphasis in original).  The Court warned that "[f]ailure to timely respond may result in the Court recommending that this case be dismissed."  *Id.*  Kowalsky filed no response.

During a status conference on April 26, 2023, Kowalsky withdrew her opposition to the entry of a default against Maven.  And no attorney appeared on behalf of Maven for two status conferences in May 2023.  Thus, the Court **RECOMMENDS** that a **DEFAULT** be entered against Defendant Maven Properties, LLC.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 5, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections lack merit, it may rule

without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel
of record and any unrepresented parties via the Court's ECF System to
their email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on June 5, 2023.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager